IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON

| | |
|---|---|
| LYNETTE HOLLINS,<br>      PLAINTIFF,<br><br>vs.<br><br>TRANS UNION, LLC, a Delaware limited liability company,<br><br>EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company,<br><br>TD BANK USA, N.A., a foreign corporation<br>      DEFENDANTS. | Case No.:  4:18-cv-02951<br><br>Hon. Gray H. Miller<br><br>FIRST AMENDED COMPLAINT<br><br>JURY TRIAL DEMAND |

NOW COMES THE PLAINTIFF, LYNNETTE HOLLINS, BY AND THROUGH COUNSEL, KEN OKORIE, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Southern District of Texas Houston Division as the Defendants conduct business in the state of Texas.

## PARTIES

4. Plaintiff is a natural person residing in Houston, Harris County, Texas.

5. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"), a Delaware limited liability company that conducts business in the State of Texas, and may be served with process through its Registered Agent, The Prentice-Hall Corporation at 211 E. 7th Street Suite 620 Austin, TX 78701.

   b. Equifax Information Services, LLC ("Equifax"), a Georgia limited liability company that conducts business in the State of Texas, and may be served with process through its Registered Agent, Corporation Service Company at 211 E. 7th Street Suite 620 Austin, TX 78701.

   c. TD Bank USA, N.A. ("TD Bank"), a New Jersey corporation that conducts business in the State of Texas, and may be served with process through its President/CEO Gregory B. Braca at 1701 Route 70 East, Cherry Hill, NJ 08034.

## GENERAL ALLEGATIONS

6. TD Bank and Houston Finance (collectively "Furnishers") are inaccurately reporting their trade lines on Plaintiff's credit disclosures without the correct notation of bankruptcy discharge.

7. Specifically, TD Bank is reporting its trade line with account number 68322*** on Plaintiff's Trans Union credit disclosure without the correct notation of bankruptcy discharge.

8. Houston Finance Co. is reporting its trade line with account number 166** on Plaintiff's Trans Union and Equifax credit disclosures without the correct notation of bankruptcy discharge.

9. The Errant Trade Lines should be reported as discharged in bankruptcy.

10. On September 7, 2017, Ms. Hollins' Chapter 13 Bankruptcy was discharged.

11. On September 22, 2017, Ms. Hollins obtained her credit files and noticed the Errant Trade Lines reporting with an inaccurate status of account included in bankruptcy and without the correct notation of bankruptcy discharge.

12. On or about October 24, 2017, Ms. Hollins, submitted a letter to Equifax, Trans Union and Experian disputing the Errant Trade Lines. In these dispute letters, Ms. Hollins explained that the Errant Trade Lines were discharged in her bankruptcy, attached the Order of Discharge and asked the credit bureaus to report the Errant Trade Lines as discharged in bankruptcy.

13. Upon information and belief, Equifax, Trans Union and Experian forwarded Ms. Hollins' consumer dispute to the Furnishers.

14. On or about November 9, 2017, Ms. Hollins received a correspondence from Trans Union stating that the investigation will be completed on or before December 13, 2017.

15. On or about November 28, 2017, Ms. Hollins received Experian's investigation results which showed that the TD Bank Errant Trade lines is reporting as discharged in bankruptcy.

16. On or about November 29, 2017, Ms. Hollins received a correspondence from Target Corporation stating that her claim has been denied and the information reported to the national credit bureaus about the account is correct. TD Bank is the issuer of the Target Corporation retail card, which is the account reflected by the TD Bank Errant Trade Line.

17. On or about December 1, 2017, Ms. Hollins received Trans Union's investigation results which showed that Trans Union and the furnishers failed or refused to report the Errant Trade Lines with the correct notation of bankruptcy discharge.

18. On December 16, 2017, Ms. Hollins obtained her Equifax credit file which showed that the Houston Finance Errant Trade Line continued to report with an inaccurate status of account included in bankruptcy and without the correct notation of bankruptcy discharge.

19. On December 16, 2017, Ms. Hollins obtained her Trans Union credit file which showed that both Errant Trade Lines continued to report with an inaccurate status of Chapter 13 bankruptcy instead of the correct notation of bankruptcy discharge.

20. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TD BANK

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Trans Union of Ms. Hollins' consumer dispute of the Errant Trade Line, TD Bank negligently failed to conduct a proper investigation of Ms. Hollins' dispute as required by 15 USC 1681s-2(b).

23. TD Bank negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to correct the inaccurate account status on the Errant Trade Line.

24. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Hollins' consumer credit file with Trans Union to which it is reporting such trade line.

25. As a direct and proximate cause of TD Bank's negligent failure to perform its duties under the FCRA, Ms. Hollins has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. TD Bank is liable to Ms. Hollins by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. Ms. Hollins has a private right of action to assert claims against TD Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant TD Bank for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TD BANK**

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Trans Union that Ms. Hollins disputed the accuracy of the information it was providing, TD Bank willfully failed to conduct a proper reinvestigation of Ms. Hollins's dispute, and willfully failed to direct Trans Union correct the inaccurate status the Errant Trade Line.

30. TD Bank willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of TD Bank's willful failure to perform its duties under the FCRA, Ms. Hollins has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

TD Bank is liable to Ms. Hollins for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant TD Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Hollins as that term is defined in 15 USC 1681a.

34. Such reports contained information about Ms. Hollins that was false, misleading, and inaccurate.

35. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Hollins, in violation of 15 USC 1681e(b).

36. After receiving Ms. Hollins' consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Hollins has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Trans Union is liable to Ms. Hollins by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Hollins as that term is defined in 15 USC 1681a.

41. Such reports contained information about Ms. Hollins that was false, misleading, and inaccurate.

42. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Hollins, in violation of 15 USC 1681e(b).

43. After receiving Ms. Hollins's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Hollins has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

Trans Union is liable to Ms. Hollins by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

45. Plaintiff realleges the above paragraphs as if recited verbatim.
46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Hollins as that term is defined in 15 USC 1681a.
47. Such reports contained information about Ms. Hollins that was false, misleading, and inaccurate.
48. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Hollins, in violation of 15 USC 1681e(b).

49. After receiving Ms. Hollins' consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Hollins has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Equifax is liable to Ms. Hollins by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Hollins as that term is defined in 15 USC 1681a.

54. Such reports contained information about Ms. Hollins that was false, misleading, and inaccurate.

55. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Hollins, in violation of 15 USC 1681e(b).

56. After receiving Ms. Hollins's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Hollins has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

Equifax is liable to Ms. Hollins by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: December 10, 2018

By: */s/ Ken Okorie*
Ken Okorie
(TBN: 15241730)
Okorie & Associates
12003 Merewood Ln
Houston, TX 77071-2413
Email: mellanby@me.com
Telephone: (713) 778-0000
Fax: (713) 778-0000
Attorneys for Plaintiff,
Lynnette Hollins

Case 4:18-cv-02951   Document 20   Filed on 12/10/18 in TXSD   Page 14 of 14