United States District Court
Southern District of Texas
**ENTERED**
May 03, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNETTE HOLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2951 |
| | § | |
| TRANS UNION LLC, et al., | § | |
| | § | |
| Defendants. | § | |

### **MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant Trans Union LLC's ("Trans Union") Motion to Dismiss (Doc. 18). The court has considered the motion, the response, the reply, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **DENIED**.

### **I.   Case Background**

On August 27, 2018, Plaintiff filed this lawsuit, alleging that Trans Union and others violated the Fair Credit Reporting Act[2] ("FCRA") by preparing credit reports concerning Plaintiff that contained false, misleading, and inaccurate information.[3] Specifically, Plaintiff alleged that the reports issued by Trans Union inaccurately identified the status of certain accounts as

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 3, Ord. Dated Aug. 29, 2018.

[2] See 15 U.S.C. §§ 1681-1681x.

[3] See Doc. 1, Compl.

"included in bankruptcy" instead of "discharged in bankruptcy."[4] Plaintiff further alleged that Trans Union violated the FCRA by negligently or willfully failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's report and, upon her dispute, negligently or willfully failing to conduct a reasonable reinvestigation.[5]

Plaintiff alleged that she "ha[d] been forced to refrain from applying for new credit or more favorable terms on existing credit lines."[6] Plaintiff claimed that she suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.[7] Plaintiff sought statutory or actual damages, punitive damages, costs, interest, and attorneys' fees.[8]

On November 28, 2018, Trans Union filed the pending motion to dismiss.[9] Shortly thereafter, Plaintiff filed a notice of dismissal as to one of the other defendants and filed an amended complaint that reflected that dismissal.[10] The amended complaint featured several substantive changes to the factual allegations,

---

[4] Id. p. 3.

[5] See id. pp. 11-12.

[6] See id. p. 5.

[7] See id. pp. 11-12.

[8] See id. pp. 11-13.

[9] See Doc. 18, Trans Union's Mot. to Dismiss.

[10] See Doc. 19, Not. of Voluntary Dismissal with Prejudice as to Houston Fin. Co. Only; Doc. 20, 1st Am. Compl.

including the omission of the allegation that Plaintiff had been "forced to refrain" from credit applications and negotiations.[11] Plaintiff did not amend any other part of the complaint.

## II.  Dismissal Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  The court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant

---

[11]  Doc. 20, 1st Am. Compl. pp. 3-5.

has acted unlawfully." Iqbal, 556 U.S. 678.

### III. Discussion[12]

Congress designed the FCRA to meet "the needs of commerce for consumer credit, personnel, insurance, and other information" while also ensuring "the confidentiality, accuracy, relevancy, and proper utilization" of consumer information.  15 U.S.C. § 1681(b); Stevenson v. TRW Inc., 987 F.2d 288, 292 (5th Cir. 1993).  "The FCRA imposes a host of requirements concerning the creation and use of consumer reports."  Spokeo, Inc. v. Robins, ___ U.S. ___, 136 S. Ct. 1540, 1545 (2016).

The FCRA requires that consumer reporting agencies "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b); see also Spokeo, Inc., 136 S. Ct. at 1553-54 (quoting 15 U.S.C. § 1681e(b)).  The statute also imposes on the consumer reporting agencies a duty to conduct a

---

[12] Plaintiff objects to certain evidence on which, she contends, Trans Union improperly relies in support of its motion to dismiss.  Trans Union attaches and references the declaration of Don Wagner, a member of Trans Union's Litigation Support Department, as well as Plaintiff's bankruptcy documents, dispute correspondence, and Trans Union credit file.  Plaintiff agrees that the court may consider those documents submitted by Trans Union that are referenced in and are central to Plaintiff's claims and those that are public records.  However, she argues that Don Wagner's declaration and a credit file disclosure of an earlier date than the disclosure referenced in her complaint should not be considered.
  The court agrees with Plaintiff that Trans Union is reaching too far beyond Plaintiff's complaint by relying on Don Wagner's declaration and the credit disclosure dated November 4, 2017.  Those two exhibits are **STRICKEN**.  That obviates the need to treat Trans Union's motion as a motion for summary judgment. Cf. Fed. R. Civ. P. 12(d)(stating that, if the court does not exclude matters outside the pleadings submitted with a motion to dismiss for failure to state a claim, the motion must be treated as one for summary judgment).

reasonable reinvestigation into any item that is disputed by a consumer and to correct any inaccuracy. 15 U.S.C. § 1681i(a)(1)(A); see also Pinner v. Schmidt, 805 F.2d 1258, 1262 (5th Cir. 1986). The question with regard to latter duty is whether the consumer reporting agency could have discovered that the item was inaccurate by reasonably reinvestigating the matter. Toliver v. Experian Info. Sols., Inc., 973 F. Supp.2d 707, 730, 732 (S.D. Tex. 2013)(quoting DeAndrade v. Trans Union LLC, 523 F.3d 61, 68 (1st Cir. 2008)).

Pursuant to the Fifth Circuit's direction, the court interprets the FCRA in favor of the consumer. See Wagner v. TRW, Inc., 139 F.3d 898, 898 (5th Cir. 1998)(unpublished). The FCRA allows a consumer to sue any person who negligently or willfully violates any duty imposed by the statute. 15 U.S.C. §§ 1681n, 1681o. If a consumer suffers damages as a result of a consumer reporting agency's negligent noncompliance with the FCRA, the agency is liable for actual damages, costs, and reasonable attorney's fees. 15 U.S.C. § 1681o; see also Stevenson, 987 F.2d at 292. Punitive damages are available in the case of willful noncompliance. 15 U.S.C. § 1681n; see also Stevenson, 987 F.2d at 292.

Trans Union asserts that the key issue in this case is whether "included in bankruptcy" constituted a factual inaccuracy, which is an element of proof for the claims brought against Trans Union. On

that issue, Trans Union argues that "included in bankruptcy" is not inaccurate and that "to report the account any differently would risk running afoul of the court's ruling in White, et al. v. Experian Info. Sols, Inc., et al."[13]

The White order on which Trans Union relies is, according to Trans Union's brief, an unpublished approval order in a Chapter 7 class-action settlement entered in a case out of the U.S. District Court for the Central District of California.  Trans Union provides neither a copy of the cited order nor an adequate citation. Regardless, the court is not moved by Trans Union's discussion of that unpublished, non-precedential, and distinguishable order. Furthermore, Trans Union's caution that the court "would risk running afoul" of such an order carries no punch.  The court focuses on Trans Union's overarching contention that "included in bankruptcy" is not inaccurate as a matter of law.[14]

The Fifth Circuit defined "inaccurate" in the context of the FCRA as meaning "either . . . patently incorrect[] or . . .

---

[13]   Doc. 18, Trans Union's Mot. to Dismiss p. 2.

[14]   In its reply, Trans Union adds the argument that Plaintiff failed to plead more than her own subjective belief that the notation is misleading. See Doc. 28, Trans Union's Reply p. 3.  As that was not raised as a basis for dismissal in Trans Union's motion, the court need not address it.  The court does note, however, that, in order to be entitled to actual damages, Plaintiff ultimately will have to show that the damages resulted from Trans Union's failure to comply with the statute.  See 15 U.S.C. § 1681o; Cameron v. Greater New Orleans Fed. Credit Union, 713 F. App'x 238, 240 (5th Cir. 2018)(unpublished)(citing 15 U.S.C. 1681o).  That is, she must establish that the cause of any out-of-pocket losses, emotional distress, and/or harm to reputation or creditworthiness that Plaintiff experienced was due to the misleading effect of "included in bankruptcy."

misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998)(citing Pinner, 805 F.2d at 1258). Although inaccuracy is more than "[m]ere imprecision," if the information is "open to an interpretation that is directly contradictory to the true information, [it] is sufficiently misleading to qualify as inaccurate." Toliver, 973 F. Supp.2d at 715 (internal quotation marks omitted)(quoting Wagner, 139 F.3d at 898).

Liability for an inaccuracy only attaches if "the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared." Id. at 714 (quoting Sepulvado, 158 F.3d at 896). The standard for assessing "the adequacy of agency procedures is what a reasonably prudent person would do under the circumstances." Id. (quoting Thompson v. San Antonio Retail Merchs. Ass'n, 682 F.2d 509, 513 (5th Cir. 1982)).

In Pinner, the Fifth Circuit determined that the notation "Litigation Pending" was open to the interpretation that the consumer was being sued by the creditor when, in fact, "the actual situation was the reverse." Id. at 1262. The court echoed the rationale of an out-of-circuit district court:

> [15 U.S.C. § 1681e(b)] does not require that a consumer reporting agency follow reasonable procedures to assure simply that the consumer report be "accurate," but to assure "maximum possible accuracy." Otherwise it would seem that a consumer reporting agency could report that a person was "involved" in a credit card scam[] and

>without regard to this section fail to report that he was in fact one of the victims of the scam. This result cannot have been contemplated under the Act.

Id. at 1263 (quoting Alexander v. Moore & Assocs., Inc., 553 F. Supp. 948, 952 (D. Haw. 1982)).

The problem with verbiage in this case is similar. As Plaintiff argues, the notation "'included in bankruptcy' suggests that the bankruptcy is pending and that no discharge [of the account] has been granted . . . . A pending bankruptcy could result in a discharge, but it could also result in a dismissal, an administrative closing, or some other result short of a discharge."[15] While acknowledging that any notation on a credit file regarding bankruptcy indicates financial risk, the court agrees with Plaintiff that a debtor in the midst of a bankruptcy may be perceived as a greater risk than one who is free of the discharged debt. A reasonable jury could find the notation misleading such that it could "be expected to adversely affect credit decisions." Toliver, 973 F.Supp. 2d at 722 (quoting Sepulvado, 158 F.3d at 895). Because "included in bankruptcy" is open to an interpretation that is contradictory to the true information, the notation cannot be said to be accurate as a matter of law.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Trans

---

[15] Doc. 21, Pl.'s Resp. to Trans Union's Mot. to Dismiss p. 6.

8

Union's Motion to Dismiss be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 3rd day of May, 2019.

_____
U.S. MAGISTRATE JUDGE