United States District Court
Southern District of Texas
**ENTERED**
May 30, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LYNETTE HOLLINS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-2951 |
| | § | |
| TRANS UNION LLC, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is a memorandum and recommendation ("M&R") in which the Magistrate Judge recommends denying defendant Trans Union LLC's motion to dismiss (Dkt. 18). Dkt. 38. Trans Union filed several objections to the M&R. Dkt. 45. After considering the M&R, related documents, and the applicable law, the court is of the opinion that the objections should all be OVERRULED and the M&R should be ADOPTED IN FULL.

### I. LEGAL STANDARD

A party may file objections to a Magistrate Judge's ruling within fourteen days of being served with a copy of a written order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). The standard of review used by the district court depends on whether the Magistrate Judge ruled on a dispositive or non-dispositive motion. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). For dispositive motions, such as the motion to dismiss here, district courts "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 73(b)(3).

## II. ANALYSIS

Trans Union poses five objections, which the court will address *in seriatim*.

**A.     Evidentiary Ruling**

The Magistrate Judge sustained objections by plaintiff Lynette Hollins that Trans Union was "reaching too far beyond the Plaintiff's complaint" by relying on a declaration by a member of Trans Union's litigation support department and a credit disclosure earlier than the credit disclosure referenced in Hollins's complaint, and accordingly did not consider those documents when making her motion to dismiss recommendation.  *See* Dkt. 38 at 4 n.12.  Trans Union objects to this ruling, noting that the declaration was only included to authenticate documents and that the earlier credit file disclosure is central to the plaintiff's claims.  *Id.* at 4.  The court agrees with the Magistrate Judge that it is appropriate to strike the two documents because neither document is included in the complaint or sufficiently central to Hollins's claims to consider at the motion-to-dismiss stage. Moreover, even if the Magistrate Judge had considered these documents, neither would have impacted the ultimate conclusion that Hollins's claim is plausible.  The evidentiary objection is therefore OVERRULED.

**B.     Inaccurate as a Matter of Law**

The Magistrate Judge determined that the notation "included in bankruptcy" in Hollins's credit report "could not be said to be accurate as a matter of law" under the Fair Credit Reporting Act—at least at the motion-to-dismiss stage—as the notation is plausibly misleading and could plausibly adversely affect credit decisions. Dkt. 38 at 8.  Trans Union objects to this finding, arguing that the claims should be dismissed for failure to plead an inaccuracy.  Dkt. 45 at 5.  In support of this argument, Trans Union cites cases from district courts in California, Tennessee, and Michigan that found no factual inaccuracy as a matter of law when faced with "included in bankruptcy" versus

2

"discharged in bankruptcy" notations, determined the notations were interchangeable, or found that reading the credit reports they were considering in whole obviated any confusion to would-be creditors. *Id.* at 6–8. None of the cases is binding, and the court finds the Magistrate Judge's reasoning, which is based on Fifth Circuit precedent, persuasive, especially in light of the plausibility standard used at the motion-to-dismiss stage. This objection is therefore OVERRULED.

**C.** ***Pinner* Decision Misapplied**

The Magistrate Judge analyzed the decision in *Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986), noting that in *Pinner*, the Fifth Circuit determined that the notation "Litigation Pending" was open to interpretation that the consumer was being sued when, in fact, the consumer was suing the creditor. Dkt. 38 at 7. She pointed out that the Fifth Circuit had echoed a district court in Hawaii that found that the statute at issue requires a consumer reporting agency to assure "maximum possible accuracy" in consumer reports, not just accuracy. *Id.* In the Hawaiian case, the court used the example of how saying a person was "involved" in a credit card scam when the person was the *victim* of the scam may be accurate, but it does not ensure maximum possible accuracy. *Id.* (citing *Pinner*, 805 F.2d at 1263 (quoting *Alexander v. Moore & Assocs., Inc.*, 553 F. Supp. 948, 952 (D. Haw. 1982))). Then, she stated: "The problem with the verbiage in this case is similar," explaining that "included in bankruptcy" suggests the bankruptcy is pending and outcomes other than a discharge are possible. *Id.* at 8.

Trans Union objects to this analysis, arguing that *Pinner* is distinguishable because (1) the credit file in that case did not contain sufficient information that would allow a creditor to understand the true status of the account; and (2) there were actual credit denials in *Pinner*. Dkt. 45. Trans Union argues that "courts across the country have recognized that the entire credit file must be read as a whole when determining accuracy, not just the particular field or remark on which this Plaintiff

3

is focused." *Id.* Trans Union then cites district court cases from several other states. *Id.* (citing cases from Tennessee, Georgia, Illinois, and California). Trans Union contends that here, since the report states that the account was closed with a zero balance and no past due balance, it is clear when one reads the entire report that, notwithstanding the notation "included in bankruptcy," it was actually "discharged in bankruptcy."

While the *Pinner* case is distinguishable on various grounds, there is nothing incorrect about the Magistrate Judge's decision to discuss it as analogous with regard to how notations can be technically accurate but still not provide the maximum possible accuracy as required under the statute at issue. And even if one reviews the report as a whole rather than considering only the notation, when one views the report in the light most favorable to the plaintiff, it is plausible that a creditor would misunderstand. The objection to the application of the *Pinner* case is therefore OVERRULED.

### D.     Trans Union's Subjective Belief

The Magistrate Judge noted that Trans Union added an argument in its reply that the plaintiff had failed to plead more than her subjective belief that the notation "included in bankruptcy" was misleading. Dkt. 38 at 6 n.14. The Magistrate Judge declined to address the argument because it was raised in the reply. *Id.* Trans Union contends that it was not offered as a new ground for dismissal in the reply but as a "further development of the grounds contained in the original Motion to Dismiss and raised in rebuttal to Plaintiff's contentions in her Response." Dkt. 45 at 11. The court does not find it necessary to determine whether this is a new ground or simply a rebuttal point because even if it is a new ground, it does not provide a sufficient basis for dismissal for failure to state a claim. As the Magistrate Judge noted, the plaintiff eventually will have to establish the elements of her claim, which cannot rely on her subjective belief. *See* Dkt. 38 at 6 n.14. But, for

now, the court must only determine if her claim is plausible, and it is. This objection is OVERRULED.

**E.** *White*

The Magistrate Judge found that an order relied upon by Trans Union from the Central District of California in *White v. Experian Info. Sols., Inc.* was distinguishable. Dkt. 38 at 6. Trans Union objects to this conclusion. Dkt. 45 at 12. It points out that courts in this Circuit "*may* consider case law from other circuits in determining whether a robust consensus of persuasive authority exists." *Id.* at 12–13 (emphasis added). They key word, of course, is "may." The court is not required to follow *White* even if it were on point.[1] Moreover, the *White* order provided by Trans Union relates to approval of a settlement. The legal standards for approving a Rule 23 settlement and granting a motion to dismiss under 12(b)(6) are not the same. The case is, as the Magistrate Judge found, not binding and, regardless, distinguishable. This objection is OVERRULED.

### III. CONCLUSION

All of Trans Union's objections are OVERRULED. The M&R is ADOPTED IN FULL, and the motion to dismiss is DENIED.

Signed at Houston, Texas on May 30, 2019.

Gray H. Miller
Senior United States District Judge

---

[1] This "case law" is an "approval order regarding settlement agreement and release" in a class action lawsuit. *See* Dkt. 45, Ex. A (*White v. Experian Info. Sols., Inc.*, No. SA CV 05-1070 DOC (MLGx) (C.D. Cal. Aug. 19, 2008) (approval order regarding settlement agreement and release)).